UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ULLRICH,<br>ID #56989,<br><br>          Plaintiff,<br><br>  vs.<br><br>UNITED STATES DISTRICT COURT,<br>BOISE, IDAHO, et al.,<br><br>         Defendants. | Case No.: 3:16-cv-01135-BEN-JLB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 11]** |

  Stephen Ullrich ("Plaintiff") currently incarcerated at the Idaho State Correctional Institution in Boise, Idaho, filed a civil complaint alleging federal question jurisdiction under "Article III," the "United States Constitution," 28 U.S.C. §§ 1330-31, "*Bivens*," and the Rehabilitation Act of 1973 in this Court on May 2, 2016.  (Doc. No. 1 at 8.)

  On July 28, 2016, the Court denied Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(g), finding he is "not entitled to the privilege" because he has filed, while incarcerated, at least seven prior civil actions which were dismissed as frivolous, malicious, or for failing to state a claim.  (*See* Doc. No. 5 at 3-5.) Because Plaintiff did not pay the civil filing fees required by 28 U.S.C. § 1914(a) to

commence a civil action, the Court dismissed the case, and certified that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (*Id.* at 5.)

On August 8, 2016, Plaintiff filed a Notice of Appeal to the Ninth Circuit (Doc. No. 7), which has been assigned USCA Case Number 16-56131 (Doc. No. 8). At the same time, Plaintiff filed a "Motion for Reconsideration of Dismissal" in this Court. (Doc. No. 11.)

## I.      Jurisdiction to Consider Motion for Reconsideration

"Once a notice of appeal is filed, the district court is [generally] divested of jurisdiction over the matters being appealed." *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, a district court may amend a judgment in certain situations pursuant to the Federal Rules of Appellate Procedure even when a notice of appeal has been filed. *See Gowadia v. Sorenson*, No. 14-00288 SOM/BMK, 2014 WL 3956806, at *1 (D. Haw. Aug. 12, 2014).

Specifically, the Federal Rules of Appellate Procedure provide:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). Subsection (a)(4)(A) of that same rule identifies motions to alter or amend the judgment under Federal Rules of Civil Procedure 59 or 60 as such motions. *See* Fed. R. App. P. 4(a)(4)(iv), (vi); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (noting that "Federal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending.").

While Plaintiff does not specify the basis for his request for reconsideration, the Court considers it as a motion to alter or amend this Court's July 28, 2016 Judgment pursuant to Federal Rule of Civil Procedure 59(e) because he filed his motion within 28 days of entry of judgment. *See Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)).

## II. Motion for Reconsideration

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011).  This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988), and "is an extraordinary remedy which should be used sparingly," *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).  Rule 59(e) "may not be used to 'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)).

Here, Plaintiff seeks reconsideration because the Court's July 28, 2016 judgment of dismissal "did not rule on the 5-27-2016 (mailbox) statement," and did not "speak on, if errors occurred, then correction of would remove strikes." (Doc. No. 11 at 1-2.)  He does not point to newly discovered or previously unavailable evidence, nor does he identify any change in controlling law. *See Ybarra,* 656 F.3d at 998.  Instead, Plaintiff appears to seek reconsideration on grounds that the Court committed "clear error" by failing to reach the merits of his claims, and that therefore, its decision was "manifestly unjust." *Id.*

In its July 28, 2016 Order, the Court denied Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) because the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes'

provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) [hereinafter *Cervantes*] (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule[.]").

After reviewing Plaintiff's lengthy litigation history, the Court took judicial notice of at least seven "strikes" Plaintiff accumulated pursuant to 28 U.S.C. § 1915(g) prior to the filing of this action. (*See* Doc. No. 5 at 3-5.)[1]  Moreover, the Court found Plaintiff's pleading contained no "plausible allegation" to suggest he "faced 'imminent danger of

---

[1] Plaintiff's seven prior "strikes" are:

1) *Ullrich v. Idaho, et al.*, Civil Case No. 1:05-cv-00340-LMB (D. Idaho Dec. 7, 2005) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 7]) (strike one);

2) *Ullrich v. Barnhart*, Civil Case No. 1:06-cv-00080-EJL (D. Idaho May 1, 2006) (Initial Review Order denying IFP and dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 10]) (strike two);

3) *Ullrich v. Canyon Cnty. Commr's, et al.*, Civil Case No. 1:06-cv-00095-EJL (D. Idaho May 30, 2006) (Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 6]) (strike three);

4) *Ullrich v. Canyon Cnty., et al.*, Civil Case No. 1:06-cv-00320-EJL (D. Idaho Oct. 16, 2006) (Initial Review Order dismissing case as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 10]) (strike four);

5) *Ullrich v. Prior*, Civil Case No. 1:06-cv-00500-EJL (D. Idaho Jan. 31, 2007) (Initial Review Order dismissing complaint for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 13]) (strike five);

6) *Ullrich v. Idaho, et al.*, Civil Case No. 1:07-cv-00440-BLW (D. Idaho April 28, 2008) (Initial Review Order dismissing complaint for failure to state cognizable claims pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 8]) (strike six); and,

7) *Ullrich v. Idaho, et al.*, Civil Case No. 1:08-cv-00076-BLW (D. Idaho June 16, 2008) (Initial Review Order dismissing complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) [Doc. No. 7]) (noting that Plaintiff had "filed at least twenty-six (26) civil lawsuits in the District of Idaho involving the same allegations arising out of his criminal conviction and alleged civil rights violations," his "failure to prevail in any of them," and previous unheeded warnings "to stop filing complaints involving previously litigated claims," resulting in the issuance of a Pre-Filing Review Order in the District of Idaho) (strike seven).

serious physical injury' at the time of filing." (*Id.* at 3 (citing *Cervantes*, 493 F.3d at 1055.))  Therefore, the Court found Plaintiff ineligible to proceed IFP pursuant to 28 U.S.C. § 1915(g), and dismissed his case for failing to prepay the civil filing fees required by 28 U.S.C. § 1914(a).  (*Id.*)

Plaintiff does not explain why he believes the Court's July 28, 2016 Order or its judgment of dismissal in this case constituted clear error, or how it was manifestly unjust. He offers no argument or evidence to suggest the judicial record of his federal filing history is in any way flawed or unreliable.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2005) (court "may take judicial notice of court filings and other matters of public record.").  Nor does he claim to have faced "imminent danger of serious physical injury" at the time he filed his Complaint.  *See Cervantes*, 493 F.3d at 1055.

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Republic Home Prot. Co., Inc.*, No. 09-CV-00748-JMA (NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011).  "[A]rguments and evidence [that] were previously carefully considered by the Court . . . do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion, *Campion*, 2011 WL 1935967, at *1 (internal citation omitted).  For a decision to be considered "clearly erroneous," it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.*  A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Id.* (internal citation omitted).

Because Plaintiff has failed to offer any valid basis upon which the Court might find its July 28, 2016 Order and judgment of dismissal was erroneous or manifestly unjust, reconsideration under Fed. R. Civ. P. 59(e) is not warranted.

### III.  Conclusion and Order

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration

(Doc. No. 11) and re-affirms its July 28, 2016 Order denying him leave to proceed IFP and dismissing this civil action without prejudice based on Plaintiff's failure to pay the filing fees required by 28 U.S.C. § 1914(a).

Moreover, the Court again **CERTIFIES** that an IFP appeal from either the July 28, 2016 Judgment, or this Order, would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The file shall remain closed.

**IT IS SO ORDERED**.

Dated:  August 29, 2016

*[signature]*
Hon. Roger T. Benitez
United States District Judge